T.C. Memo. 2002-240

UNITED STATES TAX COURT

JOHN THURMAN & ELAINE SHERYL HOREJS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8928-01L.          Filed September 25, 2002.

John Thurman & Elaine Sheryl Horejs, pro sese.

<u>Anne W. Durning</u> and <u>Sheara L. Gelman</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's Motion For Summary Judgment And To
Impose A Penalty Under I.R.C. Section 6673, as amended, filed
pursuant to Rule 121.[1]  Respondent contends that there is no

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

dispute as to any material fact with respect to this lien action, and that (with concessions discussed below) respondent's notice of determination should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment, as amended.

Background

A. <u>Substitute For Returns and Petitioners' First Amended Returns</u>

Petitioners failed to file timely Federal income tax returns for 1992, 1993, and 1994. On January 23, 1995, respondent prepared a substitute for return with respect to petitioners' taxable year 1992. See sec. 6020(b). On August 30, 1995, respondent prepared substitutes for return with respect to petitioners' taxable years 1993 and 1994. <u>Id.</u>

On October 2, November 3, and December 11, 1995, petitioners submitted and respondent accepted late-filed original tax returns for the taxable years 1992, 1993, and 1994, respectively. Each of the above-referenced returns showed taxes due. On February 12, 1996, respondent assessed the taxes shown as due on those returns, plus late filing penalties, and estimated tax penalties as follows:

|  |  | Additions to Tax | |
| Year | Income Tax | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $4,978 | $1,245 | $217 |
| 1993 | 2,521 | 335 | 50 |
| 1994 | 4,194 | 1,049 | 218 |

On February 12, 1996, respondent also assessed statutory interest in the amounts of $1,612.91, $291.73, and $418.28 for the taxable years 1992, 1993, and 1994, respectively. On February 12, 1996, respondent sent petitioners notices of balance due, informing petitioners that they had tax liabilities for 1992, 1993, and

1994 and requesting that they pay them. Petitioners failed to do so.

B. Respondent's Notice of Deficiency and Petitioners' Response

On March 27, 1996, respondent issued a notice of deficiency to petitioners. In the notice, respondent determined deficiencies in and additions to petitioners' Federal income taxes for 1992, 1993, and 1994 as follows:

| Year | Deficiency | Additions to Tax | |
|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $16,224 | $4,056 | $ 708 |
| 1993 | 22,621 | 5,656 | 954 |
| 1994 | 21,054 | 5,263 | 1,092 |

Respondent determined that petitioners failed to substantiate business deductions claimed on their tax returns for the years in question. Respondent also determined that petitioners failed to report as income a premature distribution from a retirement plan during 1993.

By letter dated June 18, 1996, petitioners returned the notice of deficiency to respondent. Petitioners' letter stated in pertinent part:

This presentment is denied and is dishonored * * *.

Further, we do hereby affirm that we cannot be required to file or pay income taxes under the compelled benefit of using Federal Reserve Notes because we have reserved all our rights under the Common Law through the Uniform Commercial Code at 1-207. We are among the national citizenry of the continental united States. We are

non-resident aliens to the federal territory.  We have never had any income from the federal United States.

Petitioners failed to file a petition for redetermination with the Court challenging the notice of deficiency.

C.  Additional Assessments

On August 26, 1996, respondent assessed the deficiencies and additions to tax for 1992, 1993, and 1994 determined in the notice of deficiency dated March 27, 1996, as well as statutory interest.  On August 26, 1996, respondent sent petitioners notices of balance due, informing petitioners that they had tax liabilities for 1992, 1993, and 1994 and requesting that they pay them.  Petitioners failed to do so.

D.  Petitioners' Amended Returns

On or about November 9, 1998, petitioners submitted to respondent Forms 1040X, Amended U.S. Individual Income Tax Return, for the taxable years 1992, 1993, and 1994.  Petitioners reported that they had no taxable income during the years in question.  Petitioners also asserted that they had erroneously reported taxable income on their original tax returns. Petitioners claimed a refund in the amount of $500 for 1992.  By notice dated June 10, 1999, respondent denied petitioners' refund claim.

E.  Respondent's Final Notice and Petitioners' Response

On April 27, 2000, respondent sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

6320 in respect of their outstanding liabilities for 1992, 1993, and 1994. On May 13, 2000, petitioners submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, challenging respondent's Notice of Federal Tax Lien Filing. Petitioners' request stated that "there is no valid assessment against us."

F. The Appeals Office Hearing

On March 23, 2001, Appeals Officer Angela M. Carmouche (the Appeals officer) conducted an Appeals Office hearing that petitioners attended. By letter dated April 23, 2001, the Appeals Office forwarded to petitioners Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to their taxable years 1992, 1993, and 1994. Copies of the Forms 4340, dated March 27, 2001, are attached to respondent's Motion for Summary Judgment, which was served on petitioners. The Appeals Office also provided petitioners with a copy of the Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000).

G. Respondent's Notice of Determination

On July 2, 2001, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice stated that the Appeals Office had determined that it "should not restrict the appropriate collection action."

H.  Petitioners' Petition

On July 11, 2001, petitioners filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[2]  On August 2, 2001, petitioners filed an amended petition which includes allegations that:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); and (2) petitioners never received a notice and demand for payment of the disputed taxes.

I.  Respondent's Motion for Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In particular, respondent contends that because petitioners received the notice of deficiency dated March 27, 1996, they cannot challenge the existence or amount of the income tax deficiencies and additions to tax determined in the notice for 1992, in this proceeding. Respondent further contends that the Appeals officer's review of Forms 4340 with regard to petitioners' accounts for 1992, 1993, and 1994 satisfied the verification requirement imposed under

---

[2]  At the time that the petition was filed, petitioners resided in Burley, Idaho.

section 6330(c)(1) and demonstrates that petitioners were issued notices and demands for payment on the same dates that respondent entered the assessments in question. Finally, respondent argued that petitioners' behavior warranted the imposition of a penalty under section 6673. Respondent subsequently filed an amendment to his motion for summary judgment correcting a citation therein.

Petitioners filed an objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. In lieu of appearing at the hearing, petitioners filed a written statement with the Court pursuant to Rule 50(c).

Following the hearing, the Court directed respondent to file a further amendment to his motion addressing the question whether respondent's determination of additions to tax under section 6654, as set forth in the notice of deficiency dated March 27, 1996, and subsequently assessed, was correct. Respondent filed a second amendment to his motion conceding that he had erroneously determined and improperly assessed additions to tax under section 6654 in the amounts of $708, $954, and $1,092, for the taxable years 1992, 1993, and 1994, respectively.[3] Transcripts of

---

[3] The addition to tax under sec. 6654, which is imposed when an individual taxpayer fails to pay estimated tax, is
(continued...)

account attached to respondent's second amendment to his motion

show that respondent has moved to abate the erroneous

assessments.  In light of the erroneous assessments, respondent

seeks to withdraw his request that the Court impose a penalty on

petitioners pursuant to section 6673.  Petitioners filed an

objection to the second amendment to respondent's motion for

summary judgment.  While petitioners appear to accept the

concessions made by respondent, they nevertheless continue to

object to respondent's motion for summary judgment as amended.

Discussion

Section 6321 imposes a lien in favor of the United States on

all property and rights to property of a person when a demand for

---

[3](...continued)
computed by reference to the amount of tax reported by a taxpayer
on his original return or, if no return is filed, by reference to
the tax for such year.  Sec. 1.6654-1(a)(1), Income Tax Regs.
Sec. 6665(b)(2) provides that the Court's normal jurisdiction to
redetermine a deficiency under sec. 6213(a) does not encompass
the addition to tax under sec. 6654, except where no return is
filed for the taxable year.

As previously discussed, although respondent initially
prepared substitutes for return for the years 1992, 1993, and
1994, respondent subsequently accepted petitioners' late-filed
original returns and, on Feb. 12, 1996, assessed additions to tax
under sec. 6654 based on the taxes that petitioners reported due
in those returns.

Respondent also determined additions to tax under sec. 6654
in the notice of deficiency dated Mar. 27, 1996.  As indicated,
respondent now concedes that such additions to tax were
erroneously determined (and improperly assessed) inasmuch as
petitioners had previously filed original returns reporting taxes
due.  See Weir v. Commissioner, T.C. Memo. 2001-184.

the payment of the person's liability for taxes has been made and the person fails to pay those taxes.  Such a lien arises when an assessment is made.  Sec. 6322.  Section 6323(a) requires the Secretary to file a notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). See, e.g., Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of

collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioners challenge the assessments made against them on the ground that the notice of deficiency dated March 27, 1996, is invalid.  However, the record shows that petitioners received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a). It follows that section 6330(c)(2)(B) generally bars petitioners from challenging the existence or amount of their underlying tax liabilities in this collection review proceeding.[4]

_____

[4] As previously discussed, on Feb. 12, 1996, respondent entered assessments for taxes and additions to tax under secs. 6651(a)(1) and 6654 based upon the taxes that petitioners reported due in their late-filed original returns.  Inasmuch as the underlying taxes were "self-assessed", these items were not subject to redetermination under the Court's normal deficiency jurisdiction.  See secs. 6201(a)(1), 6211(a)(1), 6665(b). Although it is arguable whether sec. 6330(c)(2)(B) barred petitioners from challenging these particular assessments, petitioners did not specifically dispute these items.  Moreover,
(continued...)

Even if petitioners were permitted to challenge the validity of the notice of deficiency, petitioners' arguments are frivolous and groundless.  See <u>Nestor v. Commissioner</u>, 118 T.C. 162, 165 (2002); <u>Goza v. Commissioner</u>, <u>supra</u>.  As the Court of Appeals for the Fifth Circuit has remarked:  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that petitioners are taxpayers subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax, see sec. 61(a)(1); <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained and reviewed Forms 4340 with regard to petitioners' taxable years 1992, 1993, and 1994.

Federal tax assessments are formally recorded on a record of

---

[4](...continued)
petitioners do not point to any discrepancy in the record or set forth specific facts that would suggest that there is a genuine issue for trial whether these items were properly assessed.  See Rule 121(d).

assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that the Forms 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340.  See Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement

of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioners also contend that they never received a notice and demand for payment for 1992, 1993, or 1994.  The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a).  General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The Forms 4340 that the Appeals officer relied on during the administrative process show that respondent sent petitioners notices of balance due on the same dates that respondent made assessments for the taxes and additions to tax in question.  A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).  Under the circumstances, we conclude that respondent is entitled to

judgment as a matter of law sustaining the notice of determination dated July 2, 2001, with the noted concession of the assessments of the additions to tax under section 6654, determined in the notice of deficiency dated March 27, 1996.

B. Section 6673

Respondent originally moved for the imposition of a penalty on petitioners under section 6673.[5]  However, in light of respondent's concession of additions to tax under section 6654, as set forth in the notice of deficiency dated March 27, 1996, and afterwards assessed, respondent seeks to withdraw his request for the imposition of a penalty.  Under the circumstances, the portion of respondent's motion for summary judgment, as supplemented, that seeks the imposition of penalty under section 6673 will be deemed withdrawn.

In order to give effect to the foregoing,

An Order and Decision will be entered granting respondent's motion for summary judgment, as amended.

---

[5]  As relevant herein, sec. 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.